ADALINE MATSON et al., Respondents, *v.* LOUISE J. ABBEY, as Administratrix, etc., Appellant.

M. procured a policy of insurance for $2,000 upon the life of his son, payable to himself, his executors or assigns; he died, leaving a will by which he gave all of his estate to his executors in trust during the life of his widow, the principal then to be divided among his children. The son died in 1866 and the policy was collected by the executors of the father's will. In 1869 the children and devisees of said testator executed an instrument under seal, by which they assigned all their interest in the moneys collected on the policy to plaintiffs, the widow and children of the son. The widow died in June, 1891. In July thereafter defendant was appointed the administratrix with the will annexed of M. In an action to recover the amount of the policy, it appeared that defendant as such administratrix received of the personal estate over $8,000, and that there were no debts. Plaintiffs' claim was presented to defendant and payment thereof refused. This action was brought in November, 1831. *Held*, that the delivery of the assignment constituted a valid irrevocable gift of the fund realized upon the policy and vested title in the donees, subject to the life interest in the widow; that plaintiffs' cause of action matured at her death, and so, was not barred by the Statute of Limitations; and that the action, if not necessary, was at least proper and was not prematurely brought.

An award of costs against an executor or administrator, without a certificate of the trial judge showing the facts upon which such an award must be based, is error. (Code Civ. Pro. §§ 1835, 1836.)

Reported below, 70 Hun, 475.

(Argued January 23, 1894; decided January 30, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 8, 1893, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Circuit without a jury.

This action was brought to recover $2,000, the amount of a policy of insurance upon the life of Austin Matson, Jr., with interest.

The policy was procured by the father of the insured and was payable to him, his executors or assigns. He died December 1, 1864, and by his will devised and bequeathed the whole of his estate to his executors in trust, and directed them to apply the rents and income to the support of his widow and his daughter Emily during life or until the death of the widow, the principal then to be divided between his children. He also directed that the yearly premium on said policy should be paid by his executors in case the insured did not pay it, such payments to be charged as advancements upon his share. The son died February 19, 1866, and the policy was thereupon collected by the executors of the father.

The widow of the testator died June 15, 1891, and defendant was, on July 13, 1891, appointed administratrix with the will annexed. On January 27, 1869, the children and devisees of Austin Matson, Sr., by a sealed conveyance, assigned all their interest in the moneys collected on the policy aforesaid to the plaintiffs, the widow and children of Austin Matson, Jr. It was shown on the trial that defendant, as administratrix, received of personal estate $8,534.26, and no debts against the estate were alleged or proven. Prior to the commencement of this action a demand was made by the plaintiffs from defendant for the sum of $2,000 out of the estate of Austin Matson, Sr., so assigned to the plaintiffs, and payment was refused.

Further facts are stated in the opinion.

*A. T. Clearwater* for appellant. No consideration is proven for the assignment, nor is any claimed to have passed. Upon the contrary, it was a mere intended gift of the money to the plaintiffs, who at that time were infants and destitute. The money was never delivered, the consent to give was revoked before consummation and the transaction fails. (*Wadd* v. *Hazleton*, 137 N. Y. 215; *Beaver* v. *Beaver*, 117

id. 421; 137 id. 59; *F. N. Bank* v. *Clark*, 134 id. 368; *Williams* v. *Guile*, 117 id. 343; *In re Crawford*, 113 id. 560; *Jackson* v. *T. T. S. R. Co.*, 88 id. 520; *Young* v. *Young*, 80 id. 438; *Harris* v. *Clark*, 3 id. 93–112; *Gray* v. *Gray*, 47 id. 552; *Robinson* v. *Ring*, 71 Maine, 140; *Scott* v. *B. S. Bank*, 140 Mass. 157; *Pope* v. *B. S. Bank*, 56 Vt. 234; *Walker* v. *Walsh*, 11 N. E. Rep. 727; *Bennett* v. *Coke*, 28 S. C. 353; *Gerry* v. *Home*, 130 Mass. 350.) The intended gift to the plaintiffs was a conditional one. (*Meigs* v. *Meigs*, 15 Hun, 453; *Beaver* v. *Beaver*, 53 id. 228; 117 N. Y. 421; 62 Hun, 194; 137 N. Y. 59; *Wadd* v. *Hazleton*, Id. 215; *Crawford* v. *Crawford*, 113 id. 560.) There was no trust. (*Young* v. *Young*, 80 N. Y. 430.) The contention of the plaintiffs that there was an executed gift is fatal to their right of recovery. If the contention be true the claim is barred by the Statute of Limitations. (Code Civ. Pro. §§ 382, 388; *Mills* v. *Mills*, 115 N. Y. 80; *Diefenthaler* v. *Mayor*, etc., 111 id. 331; *Storey* v. *Graham*, 14 id. 492; *Compton* v. *Elliot*, 16 J. & S. 211; *Bell* v. *Morrison*, 1 Pet. 360; *U. S.* v. *Wiley*, 11 Wall. 508, 513; *Spring* v. *Gray*, 5 Mass. 523; *Philip* v. *Pope*, 10 B. Mon. 163; *McCarthy* v. *White*, 21 Cal. 495; *Dickenson* v. *McCamy*, 5 Ga. 486; *McClung* v. *Silliman*, 3 Pet. 270; *Gautier* v. *Franklin*, 1 Tex. 732; *Gorman* v. *Judge of Newaggo Circuit*, 27 Mich. 138; *Roberts* v. *Pillow*, Hempst. 624; *U. S.* v. *Wilder*, 13 Wall. 251; *Teackle* v. *Gibson*, 8 Md. 70; *Crocker* v. *Clemen*, 23 Ala. 296; *Platt* v. *Northam*, 5 Mass. 95; *Bailey* v. *Carter*, 7 Ired. [N. C. Eq.] 282; *Hovend* v. *Lord Anesley*, 2 Sch. & Lef. 607, 629; *Wilhelm* v. *Caylor*, 23 Md. 151; *Ayer* v. *Stuart*, 14 Minn. 97; *Dodge* v. *E. Ins. Co.*, 12 Gray, 765; *Longworth* v. *Hunt*, 11 Ohio, 194–201; *Carrol* v. *Green*, 92 U. S. [2 Otto] 509; 2 Story's Eq. Juris. § 1520; *Harris* v. *Saunders*, 4 B. & C. 411; *Beatty* v. *Burns*, 8 Cranch, 98; *Chiveley* v. *Bond*, 4 Med. 105; *Haven* v. *Foster*, 9 Pic. 112; *Williams* v. *Williams*, 5 Ohio, 104; *Askew* v. *Hooper*, 28 Ala. 634; *Palmer* v. *Maione*, 1 Heisk. 549; *New Albany* v. *Burke*, 11 Wall. 96; *Badger* v. *Badger*, 2 Cliff. [C.

C.] 137.) The action is prematurely brought. (Code Civ. Pro. § 1819; *In re Van Dyke*, 44 Hun, 394; *In re Clayton*, 17 C. P. 75.) The plaintiffs were permitted to testify as to conversations had by them with their deceased grandmother, Maria T. Matson, the executrix of the elder Matson, and swore that she said to them she wanted to pay this money over and was willing to do so. The evidence was clearly inadmissible and incompetent. (Code Civ. Pro. § 829; *Devlin* v. *G. S. Bank*, 125 N. Y. 756; *In re Eysaman*, 113 id. 63; *Leutchfad* v. *Lord*, 132 id. 465; *Heyne* v. *Doerfler*, 124 id. 505; *Holcomb* v. *Holcomb*, 95 id. 316; *Lane* v. *Lane*, Id. 494; *In re Smith*, Id. 516; *In re Dunham*, 121 id. 575.) Any illegal evidence received under objection cannot be considered harmless, and the error be disregarded upon appeal. (*Anderson* v. *R., W. & O. R. R. Co.*, 24 N. Y. 334; *O'Hogan* v. *Dillon*, 76 id. 170; *Williams* v. *Fitch*, 18 id. 546.) Costs should not have been allowed to the plaintiffs. (*Chesbro* v. *Hicks*, 66 How. Pr. 194; *Buckhout* v. *Hurt*, 16 id. 407; *Pronde* v. *Whiten*, 15 id. 304; *Stevenson* v. *Clark*, 12 id. 282.)

*Martin I. Townsend* for respondent. The instruments in question were executed to settle a claim presented and urged by the wife and children of Austin Matson, Jr., and the assignments in due form must be treated as assignments executed to settle a controversy; and the settlement of that controversy is a good, sufficient and valuable consideration. (*White* v. *Hoyt*, 73 N. Y. 514; *Wehrune* v. *Kirhn*, 61 id. 623; *Stewart* v. *Ahrenfeldt*, 4 Den. 187.) If it should be held that the instruments of December 30, 1867, and January 27, 1869, were mere instruments of gift, they were valid. (*Lowery* v. *Stewart*, 25 N. Y. 239; *Crawford* v. *Dox*, 5 Hun, 507; *Fulton* v. *Fulton*, 48 Barb. 581; *Harris* v. *Clark*, 3 N. Y. 93; *Ridden* v. *Thrall*, 125 id. 572; *Beaver* v. *Beaver*, 117 id. 421; *Cooper* v. *Burr*, 44 Barb. 9; *Pink* v. *Church*, 120 N. Y. 634; *Spencer* v. *Carr*, 45 id. 406.) No Statute of Limitations has run upon the claim on which this action was brought. (*Peltz* v. *Schultus*, 46 N. Y. S. R. 216.) It is

alleged that the plaintiffs have not only delayed too long
before coming into court, and have thus lost their claim, but
have come into court too soon after all, and so have no stand-
ing here. This claim is unsustainable. (*In re Burling*, 5 Dem.
48; *In re Watson*, 64 Hun, 369; *In re Wiley*, 119 N. Y.
642; Code Civ. Pro. §§ 1822, 2743.) The incidents provided
for in the statutes in regard to presenting claims, and having
claims passed upon and allowed or rejected, and in regard to
bringing suits, in which the law carefully guards the estate
from unnecessary litigation and costs have no relation to us.
(Code Civ. Pro. § 3246.) The appellant in this case is in no
position to argue the question whether costs were originally
properly adjusted by the court in which the case was tried.
(*Bush* v. *Remsen*, 34 N. Y. 384; *In re Glover*, 83 id. 611.)
All the findings of facts are fully sustained by the evidence,
both that which is oral, and by the documents which the court
had before it. The conclusions of law were inevitable from
the proven facts. The exceptions to these conclusions, under
such circumstances, are not available. (*Daniels* v. *Smith*,
130 N. Y. 696.)

FINCH, J. We adopt the opinion of the General Term
upon the main questions involved in this appeal, deeming it
unnecessary to repeat the reasons very fully and correctly
assigned. That court held that there was a valid gift of the
right to the fund realized upon the life policy by force of the
delivery of the assignment or deed of gift: that it could not
be revoked, but vested in the donees subject to the life interest
of the widow: that the cause of action matured at her death,
and so was not barred by the Statute of Limitations; and that
the action, if not necessary, was at least proper and not pre-
maturely brought. We concur in those conclusions which
settle in favor of the plaintiffs the substantial points of the
controversy.

But there is a minor question relating to the award of costs
against the administratrix which, we think, was wrongly
decided. Such costs were awarded without any certificate or

finding of the trial judge showing the facts upon which the award was founded. The Code (§ 1835) forbids the allowance of costs in an action brought against an executor or administrator in his representative capacity except as prescribed in the next section. That permits such an award where it appears that the claim was duly presented, that its payment was unreasonably resisted or rejected, or that there was a refusal to refer. Since these facts in whole or in part depend upon circumstances outside of the litigation and not within its issues, the section further provides that the facts must be certified by the judge or referee before whom the trial was had. Such a certificate is, therefore, the necessary basis of the award, and without it the facts cannot fully appear. The evidence on the trial and its result may be taken into account, but cannot serve without the prescribed certificate. That was asserted as the correct rule of practice in *Wray* v. *Halliday* (3 Month. L. Bul. 98), and we concur in the opinion. The obvious purposes of the two sections of the Code referred to can only be fully accomplished in that way.

The judgment rendered by the trial court should, therefore, be modified by striking out the award of costs in the trial court, and as modified should be affirmed, with costs to the plaintiffs in this court. The costs awarded on appeal to the General Term we do not disturb.

All concur.

Judgment accordingly.