HORACE BENJAMIN, Respondent, *v.* CATHERINE C. VER NOOY et al., as Administrators with the Will Annexed of HIRAM CRANDALL, Deceased, Appellants.

1. COSTS — EXECUTORS AND ADMINISTRATORS — CODE OF CIVIL PROCEDURE, §§ 1822, 1835, 1836 AND 3246. Under the provisions of the Code of Civil Procedure (§§ 1822, 1835, 1836 and 3246) exempting executors and administrators, as such, from the payment of costs unless payment of a demand properly presented against an estate be unreasonably resisted or neglected by them, or unless they do not consent to refer such claim according to law, they are entitled to one lawful trial and to exemption from costs, saving the excepted cases, until they have had one lawful trial, by which the Code means a binding and effective trial which lawfully determines their liability and stands the test of an appeal if any is taken.

2. COSTS IN APPEALS BY EXECUTORS — GENERAL RULE DECLARED BY CODE OF CIVIL PRO. § 3228, SUBORDINATED TO PROVISION OF § 1836 — MEANING OF "COSTS TO ABIDE EVENT." Where upon an appeal from a judgment granted against the executors of an estate, the Court of Appeals reversed the order of the General Term affirming such judgment, and the order denying a motion for a new trial, and ordered a new trial, with costs to abide the event, and the second trial also resulted in a judgment against the executors, after a motion for a new trial had been denied with costs, the Special Term has no power to award the costs of both motions and both appeals against the executors; since the provisions of section 3228 of the Code of Civil Procedure relating to costs of appeals

are general, and when read in connection with section 1836 become subordinate to the special rule thereof governing costs against executors; and the judgment of reversal by the Court of Appeals, "with costs to abide event," must also be read in the light of section 1836, and when thus read the word "event" means not only final success in the action, but also a valid award of costs, generally, under section 1836.

*Benjamin* v. *Ver Nooy,* 36 App. Div. 581, modified.

. (Argued October 10, 1901; decided November 26, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 6, 1899, affirming a judgment in favor of plaintiff entered upon a verdict, with notice of intent to review two orders, one affirming an order denying the defendants' motion for a new trial, and the other affirming an order granting certain costs to the plaintiff.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edwin Duffey* for appellants. In considering exceptions the defendants are entitled to that view of the evidence which is most favorable to them. (*Bonnell* v. *Griswold,* 89 N. Y. 122.) It was error to sustain the objection to the defendants' question to the plaintiff regarding "shaving" the notes which he had purchased from Calkins, the principal maker of the note sued upon. (*Kearney* v. *McKeon,* 85 N. Y. 136.) The defendants' exception was well taken to the ruling of the court refusing to allow the defendants to interrogate the plaintiff while on the witness stand as to eleven certain notes all prior to the date of the note sued upon. (*Kearney* v. *McKeon,* 85 N. Y. 136; *Phœnix Ins. Co.* v. *Church,* 81 N. Y. 218.) The testimony of Leman Calkins, the principal on the note in suit, concerning the personal transactions and communications and conversation between him and Judge Crandall relating to or connected with the said note, was incompetent under section 829 of the Code of Civil Procedure. (*Church* v. *Howard,* 79 N. Y. 415; *Connelly* v. *O'Connor,* 117 N. Y. 91; *Herrick* v. *Whitney,* 15 Johns. 240; *Shaver* v. *Ehle,* 16 Johns. 201; *Markle* v. *Hatfield,* 2 Johns. 455;

*Heermance* v. *Vernoy*, 6 Johns. 5 ; *Jackson* v. *Hallenback*, 2 Johns. 394 ; *Swift* v. *Dean*, 6 Johns. 523 ; *Smith* v. *Chambers*, 4 Esp. 164 ; *M'Guire* v. *Holmes*, 2 Watts, 121.) The refusal of the court to charge that the law itself fixes a limitation upon the contract of surety which forbids the party to negotiate a paper upon an agreement to keep it concealed from the surety was erroneous. (*Matter of Van Slooten* v. *Wheeler*, 140 N. Y. 624 ; *Ulrich* v. *Ulrich*, 17 N. Y. Supp. 721 ; *Havens* v. *Havens*, 21 N. Y. S. R. 958 ; *Ross* v. *Ross*, 6 Hun, 184 ; *Moore* v. *Moore*, 3 Abb. Ct. App. Dec. 303 ; *Rowland* v. *Howard*, 75 Hun, 4 ; *Steitz* v. *Priddis*, 81 Hun, 231 ; *Winne* v. *Hills*, 91 Hun, 93 ; *Hughes* v. *Davenport*, 1 App. Div. 184 ; *Yates* v. *Root*, 4 App. Div. 443.) Costs are always regulated by statutes, and a party claiming costs must point to some statute authorizing them. (*Suprs. of Onondaga* v. *Briggs*, 3 Den. 174 ; *Downing* v. *Marshall*, 37 N. Y. 380.) The costs in this action are regulated by the Code of Civil Procedure as it existed in 1886. (Code Civ. Pro. §§ 1835, 1836.) The plaintiff can in no action like this recover costs without the certificate provided for in section 1836 of the Code of Civil Procedure. (*Whitcomb* v. *Whitcomb*, 92 Hun, 443 ; *Matson* v. *Abbey*, 141 N. Y. 179 ; *Knapp* v. *Curtiss*, 6 Hill, 388.) No costs can be awarded against an executor unless the plaintiff's claim was presented for payment within the time limited in the notice to creditors. (*Supplee* v. *Sayre*, 51 Hun, 30 ; *Horton* v. *Brown*, 29 Hun, 654 ; 102 N. Y. 698 ; *Clarkson* v. *Root*, 18 Abb. [N. C.] 462 ; *Bradley* v. *Burwell*, 3 Den. 261 ; *Bullock* v. *Bogardus*, 1 Den. 277.) Unless the plaintiff was entitled to the trial costs he is not entitled to the costs of the motions for new trials and of the appeals. (*Gleason* v. *Clark*, 1 Wend. 303 ; *Willey* v. *Shaver*, 1 T. & C. 324 ; *Rawson* v. *Van Riper*, 1 T. & C. 370 ; *Clarke* v. *Tunnicliff*, 38 N. Y. 58 ; 4 Abb. [N. S.] 451 ; *Ex parte Bennett*, 3 Den. 175.)

*Orris M. Kellogg* for respondent. The issues in the case were issues of fact and will not be reviewed. (*Cronin* v.

*Lord,* 161 N. Y. 90; *Meserole* v. *Hoyt,* 161 N. Y. 59.) The exceptions of the defendant upon the trial were not well taken. (*Converse* v. *Cook,* 31 Hun, 417; *Wilcox* v. *Corwin,* 117 N. Y. 500; *Nearpass* v. *Gilman,* 104 N. Y. 506; *Sprague* v. *Swift,* 28 Hun, 49; *Kelly* v. *Burroughs,* 102 N. Y. 93; *Miller* v. *King,* 166 N. Y. 394; *Ellis* v. *People,* 21 How. Pr. 356; *Kirk* v. *Village of Homer,* 77 Hun, 459; *Hobart* v. *Hobart,* 62 N. Y. 80; *Wallace* v. *Straus,* 113 N. Y. 238.) The order of July 25, 1896, in relation to costs was properly granted. (*F. Nat. Bank* v. *F. Nat. Bank,* 84 N. Y. 469; *Donovan* v. *Vandemark,* 22 Hun, 307; *Carpenter* v. *M. L. Assur. Co.,* 25 Hun, 194; *Hunt* v. *Connor,* 17 Abb. Pr. 466; *Judah* v. *Stagg,* 22 Wend. 641.)

VANN, J. After examining the four exceptions appearing in the record we find no reversible error, and we think that the judgment appealed from should be affirmed, for the reasons given by the learned Appellate Division in its opinion. (*Benjamin* v. *Ver Nooy,* 36 App. Div. 581.)

The appeal from the order denying a motion for a new trial involves no question that we can review, other than those raised by the appeal from the judgment.

The appeal from the order relating to certain costs allowed to the respondent by an order made at Special Term, is based upon the following facts: This action was brought against the executors of Hiram Crandall, deceased, upon a promissory note made by him and now owned by the plaintiff. Before the action was commenced the claim founded on said note was presented to the executors, who " disputed the justice of the same and offered to refer it," but it " was never referred." Upon the first trial of the action a verdict was directed for the plaintiff, and a motion for a new trial, made by the defendant upon a case and exceptions, was denied, without costs. Upon appeal to the General Term the judgment and order were affirmed, with costs, but upon appeal to this court the judgment was reversed, and a new trial granted, with costs to abide event. (126 N. Y. 60.) The second trial resulted in a

verdict for the plaintiff, upon which the judgment before us was entered, after the defendants' motion for a new trial had been denied, with costs. The plaintiff thereupon moved before the trial justice at Special Term for an award of the costs of both trials, both motions and both appeals, and the court allowed the costs of the motions and the appeals, but refused to allow those of either trial. The Appellate Division affirmed the order upon the ground that while the executors were exempted by statute from the costs of the two trials, when they appealed they became the moving party, and since the final judgment shows that they appealed in vain, the costs of the appeals might properly be awarded against them.

The question thus presented relates to the power of the Special Term to award said costs under the circumstances stated, for if the power existed, we cannot review the discretion of the Supreme Court in exercising it. As costs can be awarded only when authorized by statute, the question must be answered by consulting certain sections of the Code of Civil Procedure which govern the subject.

Upon the recovery of judgment for a sum of money only against an executor, as such, costs cannot be awarded against him unless the demand of the plaintiff was properly presented and payment thereof was unreasonably resisted or neglected, or unless the executor did not consent to refer according to law. (§§ 1822, 1835, 1836 and 3246.) The general rule exempts an executor from the payment of costs, but when a case falls under either of the two exceptions, the court may award costs against him. It is not claimed that this is an excepted case, but it is insisted that the rule prescribed by the Code relates only to the costs of a trial and not to the costs of an appeal brought by the executor, or of a motion made by him to secure a new trial. It is argued that protection ends with the trial and that an executor who appeals ceases to merely defend the action and becomes the prosecutor of the appeal, assuming the usual risk of an appellant with reference to costs. We think this is true as to an appeal which is wholly unsuccessful, but not as to one which results in a new

trial. In a certain sense there is but one trial of an action, for a trial that is so infected with error as to be reversed upon appeal is in effect no trial at all. As the result of the appeal, both verdict and judgment are set aside and a new trial is granted, which requires a retrial of the action the same as if it had never been tried. The executor is entitled to one lawful trial and to exemption from costs, saving the excepted cases, until he has had one lawful trial. The Code, when speaking of "the facts which appear upon the trial" and of "the judge or referee before whom the trial took place," refers to the final, or lawful trial, if there has been more than one, for the use of the definite article limits the meaning to a single trial, which, of necessity, must be the last, as that was the only valid trial. (§ 1836.) While the provisions of the Code relating to costs of appeals are general, when read in connection with section 1836 they become subordinate to it, for the latter lays down a special rule governing the recovery of costs against executors. (§ 3238.) So our former judgment of reversal in this action, "with costs to abide event," must be read in the light of section 1836, and when thus read the word "event" has a more extended meaning than usual, for it means not only final success in the action, but also a valid award of costs, generally, under section 1836.

The defendants, as executors, were entitled to a trial before a jury of the issues of fact formed by the service of their answer, and, as this right was denied them upon the first trial, they were forced to appeal in order to secure it. The spirit of the statute does not permit an award of costs against them on account of their successful effort to obtain a right which the law gave them. The second trial resulted in the first lawful judgment against them, such as is meant by section 1835 of the Code. Up to this point the statute protected them from the payment of costs, for they had done nothing except what was necessary to secure a lawful trial, to which they were entitled without becoming liable for costs. The Code gave them the benefit of one trial, without subjecting them to costs, but it means a binding and effective trial which lawfully

determines their liability and stands the test of an appeal, if one is taken. It does not mean a trial which settles nothing and ends in nothing, but one which finally settles the issues and ends in an enduring judgment establishing the rights of the parties. Until such a judgment was rendered the appeals brought by the defendants did not subject them to an award of costs, and the Special Term had no power to make the order under consideration.

The judgment appealed from should be affirmed, with costs. The appeal from the order affirming the order denying a motion for a new trial should be dismissed, without costs. The appeal from the order affirming the order which awarded costs to the respondents should be reversed, with costs in this court and in the Appellate Division and the motion for costs denied.

PARKER, Ch. J., GRAY, BARTLETT, CULLEN and WERNER, JJ., concur; MARTIN, J., not sitting.

Judgment accordingly.