PAULEY v. MILLSPAUGH et al.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. EXECUTORS—REJECTION OF CLAIM—ACTION—COSTS.
    Code Civ. Proc. § 1822, gives the Surrogate's Court jurisdiction to hear a rejected claim against a decedent's estate, provided the respective parties have filed with the surrogate a written consent that he may determine the claim on the settlement of the accounts of the executor or administrator. Section 1835 declares that, where judgment is rendered against an executor or administrator, costs shall not be awarded against him except as prescribed in the next section, and section 1836 allows plaintiff, who has recovered a judgment against an executor or administrator, costs, where it appears that he did not file the consent referred to in section 1822 at least 10 days before the expiration of 6 months from the rejection of the claim. *Held*, that costs are not to be awarded plaintiff, who has recovered judgment in an action on a rejected claim against the estate, though defendant did not file the consent, where plaintiff commenced his action less than 5 months and 20 days after the rejection of the claim.

2. SAME—COSTS—STATUTES.
    Code Civ. Proc. § 1835, provides that, where a judgment is rendered against an executor or administrator, costs shall not be awarded against him except as provided in section 1836; and section 1836 provides, in substance, that where one has obtained judgment against an administrator or executor on a rejected claim against the estate, and it appears that plaintiff's demand was presented within the time limited, and that payment of it was unreasonably resisted or neglected, or that defendant did not file a consent that the surrogate might determine the claim on the settlement of the accounts of the executor or administrator at least 10 days before the expiration of 6 months from rejection thereof, the court may award costs against the executor or administrator. *Held*, that the provisions of the statute are alternate, and the award of costs against an executor may be based on the unreasonable resistance or neglect to pay the claim, or on his failure to file his consent.

3. EXECUTORS—RESISTANCE OF CLAIM—EVIDENCE.
    Where, in an action against executors on a note indorsed by testator, the only question litigated was whether testator had waived protest, and such fact was established by a son of testator, who was also the father of the executor and brother of the executrix, whose testimony was not disputed, and whose whereabouts were at all times known to defendants, a finding that payment was "unreasonably resisted," within Code Civ. Proc. § 1836, allowing plaintiff costs where his claim has been unreasonably resisted, was warranted.

4. SAME—COSTS—CERTIFICATE.
    Where, in an action against an executor, the certificate of the justice recited that payment was unreasonably resisted and neglected, "and" that defendant did not file the consent required by Code Civ. Proc. § 1836, the certificate was not subject to criticism because of the use of the conjunctive, such form being a natural method of stating two alleged separate derelictions of defendant.

Appeal from Trial Term, Orange County.

Action by Charles A. Pauley against Julia D. Millspaugh and another, as executrix and executor respectively of the last will of John H. Millspaugh, deceased. From an order allowing costs, disbursements, and an extra allowance in favor of plaintiff to be collected out of the property of the decedent, defendants appeal. Affirmed.

Argued before HIRSCHBERG, BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Geo. H. Decker, for appellants.

John C. R. Taylor, for respondent.

JENKS, J. The defendants appeal from an order, made at Trial Term, charging costs, disbursements, and an allowance against the property of their testator. The motion was made after the trial of the issues, and the record contains affidavits of the respective attorneys which were read on the motion. The learned justice who presided at the trial and who granted the motion certifies that the payment of the claim in suit was unreasonably resisted and neglected, and that the defendants did not file the consent provided for by section 1822 of the Code of Civil Procedure.

There is no pretense that the defendants ever filed the consent provided for in the said section, but the learned counsel for the appellants contends that the allowance could not have been justified upon the ground of such omission, for the reason that the plaintiff's claim, which was rejected on January 27, 1903, was put in suit in May of that year, and, consequently, before the expiry of 5 months and 20 days from January 27, 1903. I think that this court is committed to this view by its judgment in Ballantyne v. Steenwerth, 79 App. Div. 632, 80 N. Y. Supp. 37, which followed Hart v. Hart, 45 App. Div. 280, 61 N. Y. Supp. 131. But in Ballantyne's Case, supra, we also necessarily decided that the provisions of section 1836 of the Code of Civil Procedure are alternative, i. e., that the award of costs could be based upon (1) unreasonable resistance or neglect, or (2) the failure to file the consent provided for in section 1822. And in Benjamin v. Ver Nooy, 168 N. Y. 578, 582, 61 N. E. 971, 972, the court say:

"Upon the recovery of judgment for a sum of money only against an executor, as such, costs cannot be awarded against him unless the demand of the plaintiff was properly presented and payment thereof was unreasonably resisted or neglected, or unless the executor did not consent to refer according to law. Sections 1822, 1835, 1836, and 3246. The general rule exempts the executor from the payment of costs, but when a case falls under either of the two exceptions, the court may award costs against him."

The proceedings of the time are not detailed in the record, but it appears therein that the complaint was upon a promissory note made by Samuel W. Millspaugh, and indorsed before delivery to plaintiff by the decedent, which was duly presented for payment to Samuel W. Millspaugh, but was not paid, and that the decedent thereafter formally waived protest and agreed to pay the note. The defendants admit their capacity, but otherwise make a general denial. The record shows that only the plaintiff and Samuel W. Millspaugh testified for the plaintiff, and that the defendants offered no evidence. The

affidavit of the plaintiff's attorney shows that the sole question litigated was whether or not the defendants' testator had waived protest, and that this fact, and, consequently, plaintiff's cause of action, was established by Samuel W. Millspaugh (a son of the decedent, John H. Millspaugh, and also the father of the executor and the brother of the executrix), whose testimony was not disputed, and whose whereabouts were at all times known to the defendants. I think that we should not disturb the determination of the learned trial justice that the payment was unreasonably resisted and neglected.

There is no force in the criticism that the certificate of the justice reads, "the payment thereof was unreasonably resisted and neglected, and that the defendant did not file the consent." The statute is alternative, and the conjunctive form of the certificate is but the natural method of statement of two alleged separate derelictions of the defendants. If the learned court had used "or" instead of "and," there would thereupon arise a doubt as to which dereliction he intended to certify, and there would not be certainty as to either one of them.

The order should be affirmed, with $10 costs and disbursements. All concur.