### DEMAREST v. SMITH et al.

(Supreme Court, Appellate Division, Second Department. February 17, 1911.)

EXECUTORS AND ADMINISTRATORS (§ 456*)—ACTIONS AGAINST—COSTS.

Code Civ. Proc. § 1835, provides that, where a judgment for money only is rendered against an executor or administrator, costs shall not be awarded against him except as prescribed by section 1836, providing that, where plaintiff's demand was presented within the time limited, and payment was unreasonably resisted or neglected, or defendant did not file the consent with the surrogate provided by section 1822 that the claim might be determined upon the settlement of the executor's account, in absence of which claimant is required to sue on his claim within six months after rejection, the court may award costs against the executor or administrator, either against him personally or out of the estate, and that where the action is brought in the Supreme or a County Court the facts must be certified by the judge or referee before whom the trial took place. *Held*, that where a justice of the Supreme Court heard a motion for costs in an action against an executor on a claim, and certified, in his order denying the motion, that defendant did not unreasonably resist the claim, he should also have certified that he did not file the consent provided in section 1822, where that appeared; claimant having a right to such certificate as essential to the award of costs in her favor.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1941–1967; Dec. Dig. § 456.*]

Hirschberg, J., dissenting.

Appeal from Special Term, Queens County.

Action by Marguerite M. Demarest against Clinton B. Smith and another, as executors of the last will and testament of Phebe Ann Berrian, deceased. From an order denying a motion for costs, plaintiff appeals. Order reversed, and motion for a certificate of the facts granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Joseph H. Lecour, Jr., for appellant.
Harrison S. Moore, for respondents.

WOODWARD, J.  Plaintiff's attorney gave notice on the 17th of December that:

"Upon the annexed affidavit of Joseph H. Lecour, Jr., verified December 17, 1910, and all the papers referred to therein, and upon the pleadings and all the papers and proceedings in this action, I shall move * * * for a certificate and order awarding the plaintiff costs in this action, and for such other and further relief as may be just."

The affidavit and papers referred to set out all of the facts required to be certified by the judge presiding at the trial to entitle the plaintiff to costs under the provisions of sections 1835 and 1836 of the Code of Civil Procedure, and these facts were in no wise controverted by the answering affidavit, which merely sought to excuse the executors for their conduct in contesting the plaintiff's claim for services alleged to have been rendered to their testator in her lifetime. Plaintiff's motion was denied on the ground stated by the court that "the said defendants have not unreasonably resisted or neglected the payment of the plaintiff's claim," and appeal comes to this court.

The learned justice, who denied the plaintiff's motion for a certificate and for an award of costs, was the same justice who presided at the trial, and this appeal properly brings up the question of whether the plaintiff was entitled to the certificate which is required by section 1836 of the Code of Civil Procedure, upon which the award of costs could be made. To get at the true meaning of section 1836 of the Code of Civil Procedure, it is necessary to read section 1835 of the same Code, which provides that:

"Where a judgment for a sum of money only is rendered against an executor or administrator, in an action brought against him in his representative capacity, costs shall not be awarded against him, except as prescribed in the next section."

If "costs shall not be awarded against him, except as prescribed in the next section," the inference must be that, if the conditions prescribed in the exception exist, they shall be awarded against him, and this has, we believe, been the general rule applied to section 1836 of the Code of Civil Procedure, which provides as follows:

"Where it appears in a case specified in the last section that the plaintiff's demand was presented within the time limited by a notice, published as prescribed by law, requiring creditors to present their claims and that the payment thereof was unreasonably resisted or neglected, or that the defendant did not file the consent provided in section 1822 at least ten days before the expiration of six months from the rejection thereof, the court may award costs against the executor or administrator, to be collected either out of his individual property or out of the property of the decedent as the court directs, having reference to the facts which appear upon the trial. Where the action is brought in the Supreme Court, or any county court, the facts must be certified by the judge or referee before whom the trial took place."

The use of the language "the court may award costs," etc., was not intended to give the court a discretionary power to give or withhold costs where the necessary facts exist, but has relation to the discretion to award the costs to be paid either by the executor personally or out of the estate, "having reference to the facts which appear upon the trial." That is, if the executor had improperly involved the estate in litigation by unreasonably resisting or neglect-

ing to pay a just claim, or if his conduct in refusing to give the consent provided in section 1822 of the Code of Civil Procedure was contumacious or in bad faith, the court could properly compel him to personally pay the costs of the litigation thus unnecessarily carried on, while, if his conduct was marked by considerations of justice and fair dealing, the court might place the burden upon the estate, and the requirement that the trial judge should certify the facts is in harmony with this provision. We apprehend, therefore, that it was the duty of the justice who presided at the trial, and who heard this motion, to certify the facts. He has, in his order, certified, in substance, that the executors involved in this motion have not unreasonably resisted the plaintiff's claim, and the fact that it was reduced fully one-half by the verdict of the jury justified this conclusion, but he has refused to certify that which is equally obvious, that the defendants did not "file the consent provided in section 1822 at least ten days before the expiration of six months from the rejection thereof," and this affects a substantial right of the plaintiff, of which she has a right to complain. The giving of this certificate is a necessary prerequisite to the awarding of costs in actions of this character (Matson v. Abbey, 141 N. Y. 179, 36 N. E. 11; Scheu v. Blum, 119 App. Div. 825, 829, 104 N. Y. Supp. 887), and to withhold it is to deprive the plaintiff of a right which the law gives her to have the costs of the litigation to which she has been subjected. See Pauley v. Millspaugh, 95 App. Div. 208, 209, 88 N. Y. Supp. 565, and authorities there cited.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion for a certificate of the facts appearing upon the trial should be granted, without prejudice to the right of the court to determine whether the costs should be paid by the executor personally or out of the estate. All concur except HIRSCHBERG, J., who dissents.