## SABSEVITZ v. GABRILOWITZ.

(City Court of New York, Trial Term.   July 6, 1914.)

EXECUTORS AND ADMINISTRATORS (§ 456*)—CLAIMS—ENFORCEMENT—COSTS—
     TAXATION.

     Under Code Civ. Proc. § 2681, providing that, where the administrator
doubts the validity of any claim, he shall serve notice of rejection, and
that he will submit it for trial, and that, unless a written consent be
filed by claimant that the the claim be heard on the settlement of the
administrator's account, the claimant must sue therefor, and section 1835
providing that, where a judgment for money only is rendered against an
administrator, costs shall not be awarded against him except as pro-
vided in section 1836, declaring that, where the payment of a claim was
unreasonably neglected, or the administrator did not file the consent, as
provided in section 1822, superseded by section 2681, the court may award
costs against the administrator to be collected out of his individual prop-
erty or out of the estate, an administrator who does not act in bad faith
in reference to a claim, and who unsuccessfully defends an action thereon,
is not liable individually for the costs, but the costs must be paid out of
the estate.

     [Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 1941–1967;   Dec. Dig. § 456.*]

Action by Meyer Sabsevitz against Tillie Gabrilowitz, as adminis-
tratrix of Harris Gabrilowitz, deceased. Motion for taxation of costs
against defendant individually or as administratrix granted.

Goldstein & Goldstein, of New York City (David Goldstein, of New
York City, of counsel), for plaintiff.

Aronson & Salant, of New York City, for defendant.

FINELITE, J. This is a motion why an order should not be grant-
ed directing the clerk of this court to tax costs against the defendant
individually or as administratrix of the estate of Harris Gabrilowitz,
her husband, deceased. The defendant opposes the motion on the
ground that the claim was not unreasonably resisted or neglected when
the same was presented by the plaintiff to the defendant, as adminis-
tratrix. It appears from the facts herein that the plaintiff recovered a
judgment for the sum of $698.50, being a balance due to the plaintiff,
and which was based upon an accounting had between the plaintiff and
the defendant, as administratrix, on or about the 23d day of May,
1910, and upon which accounting there was found to be due from the
defendant, as administratrix, to the plaintiff the sum of $1,198.50,
which said sum plaintiff claimed the defendant·agreed and promised
to pay. That $500 was thereafter paid on account, leaving a balance
of $698.50, with interest, making a total of $978.50, for which amount
judgment was duly entered. Upon the trial it appeared that said
claim, when presented, was never rejected by the defendant, as ad-
ministratrix, and it further appeared that the defendant did not file
the consent provided in section 1822 (superseded by section 2681,
Code of Civ. Proc.) within the time required by said section, or at any
time thereafter. It further appeared that this action was not com-
menced until more than six months had expired from the date of the

presentation of the claim by the plaintiff to the defendant, as administratrix. Section 2681 of the Code of Civil Procedure reads to the effect that:

"If the executor or administrator doubts the justice or validity of any claim presented to him, he shall serve notice in writing upon the claimant that he rejects said claim or some part of it, which he specifies, and that he will submit such claim, or the part of it specified, for trial and determination on the judicial settlement of the account of the executor or administrator. Unless a written consent shall be filed by the claimant in the surrogate's office that said claim be heard and determined upon the judicial settlement of the account of said executor or administrator, the claimant must commence an action for the recovery thereof against the executor or administrator within three months after the rejection, or, if no part of the debt is then due, within two months after a part thereof becomes due; in default whereof said claimant and all the persons claiming under him are forever barred from maintaining such an action. But in such case the claim shall be tried and determined upon such judicial settlement, and if the claimant consents to such trial within the time limited for commencing such action he shall thereby waive the right to begin such action."

Section 1835 reads:

"Where a judgment for a sum of money only is rendered against an executor or administrator, in an action brought against him in his representative capacity, costs shall not be awarded against him, except as prescribed in the next section."

Section 1836 reads:

"Where it appears in a case specified in the last section that the plaintiff's demand was presented within the time limited by a notice published as prescribed by law, requiring creditors to present their claims and that the payment thereof was unreasonably resisted or neglected, or that the defendant did not file the consent provided in section 1822 at least ten days before the expiration of six months from the rejection thereof, the court may award costs against the executor or administrator, to be collected either out of his individual property or out of the property of the decedent as the court directs, having reference to the facts which appear upon the trial."

It appeared further at the trial hereof that on the 24th day of May, 1910, an account was stated between the plaintiff and the defendant, as administratrix, upon which a balance of $1,198.50 was found to be due from said defendant to the plaintiff. That the defendant, as administratrix, then and there agreed and promised to pay said sum, and that the sum of $500 was paid on account thereof, leaving a balance due and owing from the defendant to the plaintiff in the sum of $698.-50, with interest thereon from the 24th day of May, 1910. The question whether the claim had been unreasonably resisted or neglected, as provided in section 1836 of the Code, and whether costs should be awarded against the defendant in her representative capacity or individually, has been passed upon in Demarest v. Smith, 143 App. Div. 104–106, 127 N. Y. Supp. 659, 660 (Second Department), wherein the application was made for a certificate under section 1822 of the Code of Civil Procedure, and wherein the court below did not sufficiently set forth in said certificate the consent as required by said section. In that case Woodward, J., in writing the opinion, said:

"The learned justice who denied the plaintiff's motion for a certificate and for an award of costs was the same justice who presided at the trial, and

this appeal properly brings up the question of whether the plaintiff was entitled to the certificate which is required by section 1836 of the Code of Civil Procedure, upon which the award of costs could be made. To get at the true meaning of section 1836 of the Code of Civil Procedure (superseded by section 2681, Code Civ. Pro.), it is necessary to read section 1835 of the same Code, which provides that: 'Where a judgment for a sum of money only is rendered against an executor or administrator, in an action brought against him in his representative capacity, costs shall not be awarded against him, except as prescribed in the next section.' If 'costs shall not be awarded against him, except as prescribed in the next section,' the inference must be that, if the conditions prescribed in the exception exist, they shall be awarded against him, and this has, we believe, been the general rule applied to section 1836 of the Code of Civil Procedure, supra. * * * The use of the language 'the court may award costs,' etc., was not intended to give the court a discretionary power to give or withhold costs where the necessary facts exist, but has relation to the discretion to award the costs to be paid either by the executor personally or out of the estate, 'having reference to the facts which appear upon the trial.' That is, if the executor had improperly involved the estate in litigation by unreasonably resisting or neglecting to pay a just claim, or if his conduct in refusing to give the consent provided in section 1822 of the Code of Civil Procedure was contumacious or in bad faith, the court could properly compel him to personally pay the costs of the litigation thus unnecessarily carried on, while, if his conduct was marked by considerations of justice and fair dealing, the court might place the burden upon the estate, and the requirement that the trial judge should certify the facts is in harmony with this provision. We apprehend, therefore, that it was the duty of the justice who presided at the trial, and who heard this motion, to certify the facts."

The court further stated that the defendants did not "file the consent provided in section eighteen hundred and twenty-two at least ten days before the expiration of six months from the rejection thereof," and this affects a substantial right of the plaintiff, of which she has a right to complain. The giving of this certificate is a necessary prerequisite to the awarding of costs in actions of this character (Matson v. Abbey, 141 N. Y. 179, 36 N. E. 11; Scheu v. Blum, 119 App. Div. 825, 829, 104 N. Y. Supp. 887), and to withhold it is to deprive the plaintiff of a right which the law gives her to have the costs of the litigation to which she has been subjected. See Pauley v. Millspaugh, 95 App. Div. 208, 209, 88 N. Y. Supp. 565, and authorities there cited. The defendant did not give the consent in this action, as required by section 1822 of the Code, and the question whether she did unreasonably resist or neglect to pay a just claim has reference to whether she acted contumaciously or in bad faith, in which event she would be personally subjected to payment of the costs. I find that the defendant did not act contumaciously or in bad faith in reference to the claim, and, as she was advised and felt justified in defending the action, therefore her conduct was marked by considerations of justice and fair dealing in this action, and the costs should be paid out of the estate of which she is the administratrix. The plaintiff is therefore entitled to the costs of the action payable out of the estate of which the defendant is administratrix; the same to be taxed by the clerk of this court upon notice. This is in harmony with Demarest v. Smith, supra.

The motion is therefore granted. Submit order by July 7th.