GEORGE B. HEWLETT, Appellant, *v.* EUGENE VAN VOORHIS and CHARLES VAN VOORHIS, as Executors, etc., of JOHN VAN VOORHIS, Deceased, Respondents, Impleaded with CYRIL J. CURRAN and Others, Defendants.

First Department, June 3, 1921.

Executors and administrators — actions , against — costs may be awarded by Appellate Division on reversal of judgment in favor of executors — Code of Civil Procedure, §§ 1835 and 1836, applied — action unreasonably defended — waiver by executors of certificate of facts by not presenting defense on original settlement of order awarding costs.

The Appellate Division on the reversal of a judgment against executors in cases where such court has the power to reverse a judgment and make new findings and direct the entry of a judgment in favor of the other

party, takes the place of the trial court and may decide whether or not the executors unreasonably resisted or neglected to pay plaintiff's claim, and whether or not they should be compelled to pay the costs of the trial individually as provided in sections 1835 and 1836 of the Code of Civil Procedure.

Said sections of the Code do not apply to or preclude an award of costs against executors on an appeal.

Executors unreasonably defend a claim based on a judgment, where it appears that their defense was not on the merits but solely on the theory that the plaintiff lost the benefit of a judgment recovered by default against all of the defendants on a joint liability, upon such judgment being opened as to one of the defendants and the complaint dismissed as against him, and that thereupon the judgment became void and unenforcible as against the other defendants.

The executors by not presenting the aforesaid defense on the original settlement of the order by the Appellate Division awarding costs waived any point with respect to whether a formal certificate of the facts by the Appellate Division is required but did not waive the point that such certificate must be procured from the trial justice.

MOTION for resettlement of order.

*John Van Voorhis' Sons,* for respondents, for the motion.

*Charles H. Stoddard,* for appellant, opposed.

PER CURIAM:

On the trial the complaint was dismissed, with costs, but on appeal by plaintiff this court reversed the judgment and granted final judgment in favor of the plaintiff against the defendants, who are executors, with costs of the appeal and of the trial. (See 196 App. Div. 322.) On the original settlement of the order both parties presented proposed orders so providing for the costs; and no point was raised with respect to our awards of costs. The executors have now moved for a resettlement of the order by striking out the awards of costs, on the grounds that the payment of plaintiff's claim was not unreasonably resisted or neglected by them, and that no certificate was obtained from the justice who presided at the trial authorizing such awards of costs, as provided in sections 1835 and 1836 of the Code of Civil Procedure. The trial court, having decided that the plaintiff was not entitled to recover, could not have made such a certificate on the trial. The sections of the Code to which reference has been made do not apply to or preclude an award

of costs against executors on an appeal. (*Hunt* v. *Connor*, 17 Abb. Pr. 466; *Matson* v. *Abbey*, 141 N. Y. 179.) The costs were awarded against the executors in their representative capacities and not personally. In such case it has been held that the executors are not aggrieved and may not appeal. (*Meltzer* v. *Doll*, 91 N. Y. 365.) That decision and *Demarest* v. *Smith* (143 App. Div. 104) were not intended to deprive the plaintiff of the right to costs either against the personal representatives personally or in their representative capacities when it became necessary for the plaintiff to bring the action, but in either case the certificate is required. In the instances in which the Appellate Division is authorized to reverse a judgment and make new findings and direct the entry of a judgment in favor of the other party (Code Civ. Proc. § 1317; General Rules of Practice, rule 34), we are of opinion that it takes the place of the trial court; and that on such reversal in the case at bar it was for this court to decide whether or not the executors unreasonably resisted or neglected to pay plaintiff's claim, and whether or not they should be compelled to pay the costs of the trial individually. Our opinion shows that they did unreasonably defend against the claim. Their defense was not on the merits, but solely on the theory that the plaintiff lost the benefit of a judgment recovered by default against all of the defendants on a joint liability, upon such judgment being opened as to one of the defendants and the complaint being dismissed as against him, and that thereupon the judgment became void and unenforcible as against the other defendants. On these grounds, therefore, we deny the motion and hold that the executors, by not presenting the point on the original settlement of the order, waived any point with respect to whether a formal certificate by this court is required, but did not waive the point that such certificate must be procured from the trial justice.

Present — CLARKE, P. J., LAUGHLIN, DOWLING, MERRELL and GREENBAUM, JJ.

Motion for resettlement denied.