CHASE NAT. BANK OF CITY OF NEW YORK et al. v. SAYLES et al.

(District Court, D. Rhode Island. June 16, 1925.)

No. 198.

1. **Wills** ⚖➝743—Voluntary partial assignment of legacy held not enforceable in equity.

A voluntary partial assignment of a pecuniary legacy by the legatee, made pending settlement of the estate, not assented to nor accepted by the executors, is not enforceable in equity.

2. **Estoppel** ⚖➝107—Facts alleged in bill held not to raise estoppel against defendant.

A bill to enforce an assignment *held* not to allege facts which estopped the assignor from denying consideration for the assignment.

3. **Equity** ⚖➝362—When bill will be dismissed stated.

Where there is serious doubt whether a case is stated in the bill, and hearing on the merits would be long and burdensome, and there is a full appeal, defendant's motion to dismiss will be sustained.

In Equity. Suit by the Chase National Bank of the City of New York and another against Mary D. A. Sayles and others. On motion to dismiss bill. Granted.

Huckley, Allen, Tillinghast & Phillips and Sherwood, Heltzen & Clifford. all of Providence, R. I., for plaintiffs.

Edwards & Angell, of Providence, R. I., for defendants.

MORTON, District Judge. The facts essential to the discussion of the questions raised by the motion to dismiss may be briefly stated. Frank A. Sayles, of Pawtucket, died testate on March 9, 1920. There was a contest over his will, which was settled by an agreement of compromise approved by the court, and the will was duly admitted to probate in the probate court of Pawtucket. The estate is still in process of administration in said court. Under the will and codicil, as modified by the agreement of compromise, the widow, Mary D. A. Sayles, was bequeathed a legacy of $4,000,000. Pending the settlement of the estate, she executed and delivered to the plaintiff Rupprecht an instrument under seal, whereby she assigned to him an interest in said legacy to the extent of $1,500,000. The executors were immediately notified of this assignment, but there is no allegation that they accepted it or assented to it.

There is no allegation in the bill that Rupprecht gave value or consideration for the assignment. The bill is very carefully drawn, and this omission is not due to mistake or oversight; no such suggestion is made by the plaintiffs. The matter has been argued by both sides on the assumption that the assignment was voluntary. Rupprecht sold this assignment to the plaintiff bank for $1,500,000, and the executors and Mrs. Sayles were notified of this transfer. Mrs. Sayles subsequently repudiated her assignment, and so notified the plaintiffs. She did not do this, according to the allegations of the bill, until the time for filing claims against the estate had expired, and Rupprecht alleges that, relying on the assignment, he did not prove a claim which he had against the estate in the amount of $2,000,000 The executors have paid Mrs. Sayles $2,500,000 under the legacy, but have refused to recognize any interest in Rupprecht or in the bank, or to make any payment to them.

[1] The question is whether, on such facts, Rupprecht and the bank have stated a case for equitable relief. Many points of objection are raised by Mrs. Sayles and the executors. But none of them seem to me to be well founded, nor to require discussion, except the basic one, viz. whether a voluntary partial assignment of a pecuniary legacy by the legatee, made pending the settlement of the estate, not assented to nor accepted by the executors, is enforceable in equity.

A complete assignment is enforceable, though made without consideration. Matson v. Abbey, 141 N. Y. 179, 36 N. E. 11; In re Thompson's Est., 116 Misc. Rep. 453, 190 N. Y. S. 125; Kekewich v. Manning, 1 DeG. M. & G. 176; Donaldson v. Donaldson, Kay, 711 (s. c. Ames Cases on Trusts [2d Ed.] 146). A partial assignment is enforceable, if made upon consideration. Stotesbury v. Huber (D. C.) 237 F. 413, 425, et seq. Partial assignments of interests in pecuniary legacies are by no means unknown, but they are usually made in connection with a commercial transaction and rest upon consideration; and they are commonly assented to by the executors. This case is unusual in that, aside from the large amount involved, the assignment was, on the allegations, a gift, and it was not so assented to.

It appears to be well settled that a voluntary order to pay out of a certain fund, given without consideration, is not enforceable, either at law or in equity. Alger v. Scott, 54 N. Y. 14; Brokaw v. Brokaw's Ex'rs, 41 N. J. Eq. 215, 4 A. 66; Tripp v.

Brownell, 12 Cush. (Mass.) 376, 381, 382; Security Bank of N. Y. v. Callahan, 220 Mass. 84, 87, 107 N. E. 385; In re Dier, 296 F. 816, 820 (C. C. A. 3rd). The plaintiffs distinguish these cases upon the principle that they relate merely to choses in action, while a legacy is, as the plaintiffs contend, a property right in the assets of the estate. Being a property right, the plaintiffs argue, it may be broken up and transferred piecemeal. In Gibson v. Cooke, 20 Pick. (Mass.) 15, 32 Am. Dec. 194, however, it was held that a partial assignment of income by a cestui que trust under a will, not accepted by the trustee, gave no right of action to the payee, because the cestui's interest could not be split up so as to subject the trustee to several demands. Goodson v. Ellisson, 3 Russell, 583, is to the same effect. A pecuniary legacy is a claim against the estate, having some resemblance to a debt, and some to an equitable interest, but not, I think, attaching to any specific property or funds. This being so, it seems to me very doubtful whether a voluntary partial assignment of it is enforceable.

[2] The plaintiffs further contend that, even if the assignment be held unenforceable for lack of consideration, Mrs. Sayles is, on the allegations of the bill, estopped from setting up this defense. Estoppel by conduct is essentially a question of fact. The plaintiff's position is that on the facts stated in the bill it necessarily follows that Mrs. Sayles is estopped from setting up lack of consideration. The bill carefully avoids any statement that Rupprecht accepted the assignment in discharge of his claim, or that there was any understanding between him and Mrs. Sayles that he should not prove his claim. He apparently retained both his claim against the estate and the assignment, and, being free to prove his claim if he chose, elected not to do so. I very much doubt whether such facts raise an estoppel.

[3] It was said at the argument that, if this motion were overruled, an answer would be filed setting up fraud in the procurement of the partial assignment by Rupprecht. The hearing on such an issue might well be long and burdensome. It is in the interest of both parties and of the court that it should not be undertaken while there is at the threshold of the case great doubt whether a case is stated in the bill. If the practice in the federal courts permitted it, such a question would be certified (or reported) at once to the appellate court. As that cannot be done, it devolves upon the plaintiffs under such circumstances, when there is a direct and easy appeal to the court of final jurisdiction, to satisfy the trial court to a fair degree of certainty that the allegations of the bill are sufficient, or a motion to dismiss should be sustained. The plaintiffs have failed to meet this burden.

Bill dismissed.