THE HACKENSACK TRUST COMPANY, Respondent, v. HUDSON TRUST COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, November Term — Filed December, 1922.

**Negotiable instruments — banks and banking — checks payable to ficti-tious payees payable to bearer — fraud — forged indorsements — drawee liable to holder without notice — judgment reversed and com-plaint dismissed on merits.**

One W. was the treasurer in practically sole charge of a corporation of which C. was the president and chief owner of all the capital stock. W. having full authority to draw checks made out three checks drawn upon the plaintiff trust company with which the corporation had an account and made them payable to three different individuals to whom the corporation did not owe any money and who had no interest in the checks. After obtaining the countersignature of the president to the checks W. indorsed the names of the several payees upon the checks and deposited them to his private account with the defendant trust company, who received them without notice of any defect and collected the proceeds from plaintiff. *Held*, that under well-settled rules it was the same as if the checks were made payable to fictitious persons and under section 28 of the Negotiable Instruments Law they must be deemed to have been payable to bearer. The defendant, therefore, obtained a good title and in an action to recover back the amount plaintiff paid to defendant, on the ground of alleged mistake of facts in that plaintiff believed that the indorsements of the names of the payees on the checks were genuine and not forgeries, the plaintiff is not entitled to recover.

Judgment in favor of plaintiff, a jury trial having been waived, reversed, with costs, and the complaint dismissed upon the merits, with costs.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, entered in favor of the plaintiff in a case tried before the court, a jury trial having been waived.

*Holm, Whitlock & Scarff* (*Clifford H. Owen*, of counsel), for appellant.

*Wurts & Kilburn* (*William H. Wurts* and *James B. Kilburn*, of counsel), for respondent.

DELEHANTY, J.    This action was brought for money had and received upon the ground of an alleged mistake of fact in that the plaintiff believed certain indorsements on three checks drawn upon the plaintiff were genuine whereas they were forgeries.

Most of the facts were stipulated, and it was undisputed that, as stated by the court below in its opinion, " one Wallace was treasurer, and manager and practically in sole charge of a corpora-

44

Appellate Term, First Department, December, 1922. [Vol. 119

tion, named Cosmofotofilm Co., Inc., the stock ownership of same being mainly in one Cromelin, the president."

Wallace, thus having practically sole charge of the corporation, and full authority to draw checks, made out the three checks in question, drawn upon the plaintiff trust company, with which the corporation had an account, and made them payable to three different individuals to whom the said corporation did not owe any money and who had no interest in the checks. Thereupon, after obtaining the counter signature of the president, the said Wallace indorsed the names of the several payees upon the checks and deposited them in his private bank account with the defendant trust company who received them with no notice of any defect and collected the proceeds from the plaintiff trust company, which now seeks to recover the amount thereof from the defendant.

This court has already held that the first defense pleaded, which is practically the same as the third defense, is sufficient in law upon the face thereof. *Hackensack Trust Co.* v. *Hudson Trust Co.*, 189 N. Y. Supp. 36.

The learned justice in his opinion below concedes that the authorities relied upon by the defendant would be controlling were it not for the fact that, in the opinion of the learned justice, Wallace was not the drawer of the checks, but that the corporation itself was the drawer of the checks, and, therefore, did not draw the checks to the order of fictitious persons within the meaning of the law. The court below in arriving at its decision erroneously assumed that a by-law of the corporation required the signatures of two officials of the company. As a matter of fact, however, the president of the company merely testified that he signed the checks as president " because the signatures of two officers were required at the Hackensack Trust Company." As this requirement was solely for the protection of the plaintiff trust company, and not for the protection of the corporation, I am of the opinion that as it was conceded that Wallace had practically sole charge of all the corporation's business as manager, and as he drew the checks and put them in circulation with full authority, his acts and intent must be deemed the act and intent of the corporation, just as the act of the cashier of the bank in the case of *Phillips* v. *M. N. Bank*, 140 N. Y. 556, was deemed to be the act of the bank even though he defrauded the bank, and that if he abused his authority and robbed his bank, the bank was estopped from denying the validity of his act.

In the instant case the president, as chief owner of all the stock of the corporation had given this sweeping control and management of the affairs of the corporation to Wallace, and paid no attention

whatever to its affairs except merely to sign checks sent to him for signature in another building which he did as a matter of form to satisfy the plaintiff trust company and in full reliance upon the integrity of Wallace.

It follows, therefore, under well-settled rules, that when checks are thus made payable to persons having no interest in them, and with no intention to deliver the checks to them, it is the same as if they were made payable to fictitious persons, and under section 28 of the Negotiable Instruments Law they must be deemed to have been payable to bearer, and the defendant, therefore, obtained a good title and there can be no recovery in this action. *Coggill* v. *American Exchange Bank*, 1 N. Y. 113; *Phillips* v. *M. N. Bank, supra; Trust Company of America* v. *Hamilton Bank*, 127 App. Div. 515.

The judgment should be reversed, with thirty dollars costs, and the complaint dismissed on the merits, with costs.

GUY and BIJUR, JJ., concur.

Judgment reversed.