Benjamin Gassman, J.
In this action, plaintiff, Aritor Corp., seeks to recover judgment against the defendant the Chase Manhattan Bank (hereinafter referred to as “ Chase ”) in the sum of $49,500. In its complaint, plaintiff alleges that on or about August 21, 1962, it made out a check payable to the order of David M. Ainsberg in the sum of $49,500, drawn on the defendant Chase; that the said check was never delivered by it to the said payee or to any other person entitled to the possession thereof, nor was the check ever assigned, negotiated or transferred by the payee; that the check was deposited to the account of M. J. P. Enterprises, Inc. (one of the third-party defendants), in the Trade Bank and Trust Company (hereinafter referred to as “ Trade Bank”), with the forged indorsement of the payee, David M. Ainsberg; that Trade Bank presented the said check to the defendant Chase, received the sum of $49,500 from Chase and credited the account of M. J. P. Enterprises, Inc. with that amount; That the defendant Chase wrongfully paid the said check on such forged indorsement, and that by reason thereof, plaintiff has been damaged in the sum of $49,500.
The defendant Chase, in its answer, admits having paid the said sum of $49,500 to Trade Bank, but otherwise denies the other allegations of the complaint.
*673 As and for a cross complaint against Trade Bank, the defendant Chase alleges that it paid the amount of that check to Trade Bank in good faith and in the belief that Trade Bank was entitled to receive the same; that at the time the said check was presented for payment, it bore the purported indorsement of the payee and the subsequent indorsement of M. J. P. Enterprises, Inc. (Trade Bank’s depositor), and that it paid the said check in reliance upon the guarantee by Trade Bank of the prior indorsements and without notice of any alleged irregularities in the indorsement by the payee. It accordingly demands judgment that, in the event any judgment in favor of the plaintiff is rendered against it, that it have like cross judgment against the Trade Bank.
Trade Bank, in its third-party complaint alleges in substance that it credited the account of its depositor M. J. P. Enterprises, Inc., with the proceeds of the check in reliance upon the depositor’s indorsement and guarantee of all prior indorsements and without notice of any irregularity in the indorsement by the payee. It accordingly demands judgment against the third-party defendant, M. J. P. Enterprises, Inc., for all sums of money which it, Trade Bank, may be adjudged liable to Chase.
At the trial, Trade Bank, moved to amend its third-party complaint to allege that it was a holder in due course for value; that it acquired the check in good faith and without notice of any claim of any person in regard thereto, and is entitled to the proceeds thereof, and that in the event it is adjudged liable to Chase, that it be awarded judgment for a like amount against the plaintiff, Aritor Corp.
On the issues thus joined, the case went to trial.
The payee, Ainsberg, testified that he had never indorsed the check in question, and that, as a matter of fact, he did not know of the existence of that check until three months after it was drawn; that he was shown that check on November 19,1962, and then executed an affidavit to the effect that he had never indorsed it and that the signature on the back of that check was a forgery. He testified that while he was the president of the plaintiff Aritor Corp., he had no financial interest in it, owned no stock in it, and was not active in its business; that one Charles Marcus, the secretary-treasurer of Aritor Corp., was a friend of his, and that on a number of occasions prior to August 21, 1962, Marcus made out Aritor Corp. checks payable to his, Ainsberg’s, order, with instructions to have Ainsberg cash those checks and deliver the cash to persons deisgnated by Marcus.
Both Marcus and Ainsberg testified that Ainsberg had no knowledge of the check at the time it was executed and certified. *674 Ainsberg did not know about the check until about three months later, when he signed the affidavit on November 19, 1962. Both Marcus and Ainsberg testified that Ainsberg had no business dealings with the plaintiff or with Marcus, involving the sum of $49,500. Hence, the question of whether Ainsberg’s name was forged on the indorsement, is immaterial, in view of the conclusion reached by this court that the check was a ‘' bearer ’ ’ check and could be negotiated by mere delivery (Negotiable Instruments Law, § 60). While the Negotiable Instruments Law was repealed by section 10-102 of the Uniform Commercial Code, effective September 27, 1964, the provisions of that code apply only to transactions which took place after its effective date. The transaction here, having occurred on August 21, 1962, is still governed by the provisions of the Negotiable Instruments Law. (Uniform Commercial Code, § 10-101.)
Subdivision 3 of section 28 of the Negotiable Instruments Law provided that an instrument is payable to bearer “ When it is payable to the order of a fictitious person, or a non-existing person, or an existing person not intended to have any interest in it, and any such fact was known to the person making it so payable ”. (Emphasis supplied.)
‘ ‘ If the drawer or indorser does not intend the named payee or indorsee to receive the check, that party is deemed a merely nominal or ' fictitious ’ indorsee or payee. And, since the indorser or drawer could as easily have made the check payable to bearer, the law regards him as having done so ” (Hall v. Bank of Blasdell, 306 N. Y. 336, 344).
The testimony of both Marcus and Ainsberg shows that at no time did Marcus intend to vest any interest in that check in Ainsberg. According to Ainsberg, he had not the slightest idea why Marcus made the check payable to him. And according to Marcus, he merely intended to have Ainsberg deliver that check to a person with whom Marcus expected to consummate a jewelry deal. Questioned on cross-examination, Marcus testified: " Q. You never intended Ainsberg to be the recipient for the retention of that money, isn’t that right? A. You mean to put the money in his pocket? Q. Yes, to keep it. A. Not to keep it for his own use, no sir, for my use. I wanted him to deliver it ’ ’. Ainsberg was not to receive any compensation from Marcus, as he testified that he had made such deliveries for Marcus on prior occasions, as a favor for Marcus.
“A check payable to one to whom the maker does not intend the check to go is payable to a fictitious person within the meaning of the statute”. (Matter of Hammer, 237 App. Div. 497, *675 505, affd. 261 N. Y. 677; see, also, Hackensack Trust Co. v. Hudson Trust Co., 119 Misc. 689, affd. 207 App. Div. 897.)
As previously stated, a “ bearer ” instrument may be negotiated by mere delivery. In view of the holding that the check in question is a “ bearer ” check, the only basis on which Chase could be held liable to the plaintiff is on a showing that Chase was negligent, that it did not act in good faith, or that it paid out the amount of the check with knowledge or notice of any irregularity in the negotiation of the check to M. J. P. Enterprises, Inc. The record here is wholly devoid of any notice to Chase of any such irregularity. At no time did Marcus inform Chase that the check was stolen from him. He testified that two days or so after the check was taken from him, he spoke to Mr. Ott, Chase’s manager and asked about the procedure of stopping payment on a certified check which was stolen. He was not certain whether he mentioned the sum of $49,500 or $50,000 to Mr. Ott, and he was told by Mr. Ott that the bank would require a bond double the amount of the check. He did not tell Ott that he referred to the check in question, nor did he ever stop payment on that check. In paying the amount of that check to Trade Bank, Chase acted in good faith and without notice of any irregularity. Under the circumstances, Chase cannot be held liable to the plaintiff.
Judgment is rendered in favor of the defendant Chase dismissing the complaint of the plaintiff on the merits. In view of this disposition of the original action, no further disposition need be made of the third-party actions.